UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:21-cv-00310

———

**Donis Lemond Denby,**
*Plaintiff,*

v.

**Bryan Collier et al.,**
*Defendants.*

———

### ORDER

Plaintiff Donis Denby, an inmate currently confined at the Ferguson Unit within the Texas Department of Criminal Justice proceeding pro se, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love. On August 16, 2021, the magistrate judge issued a report recommending that plaintiff's motion for class certification be denied. Doc. 8. Plaintiff did not file objections to this report. Subsequently, on August 27, 2021, the magistrate judge issued a second report recommending that plaintiff's motion for leave to proceed *in forma pauperis* be denied, based on plaintiff accumulating at least three strikes prior to filing this 2021 lawsuit. Doc. 9. The magistrate judge also recommended plaintiff's motion for preliminary injunction be denied as well. *Id*. The magistrate judge further recommended that the entire lawsuit be dismissed, without prejudice, for the failure to exhaust required administrative remedies. *Id*. Plaintiff filed timely objections. Doc. 18.

When timely objections to a magistrate judge's report and recommendation are filed, the court reviews them de novo. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996).

The gravamen of plaintiff's case is that all inmates at the Coffield Unit placed in restrictive housing, including himself, are in imminent danger of serious, substantial, irreparable harm

1

because inmates are allegedly being denied medical care and life necessities—because the Coffield Unit is currently grossly understaffed.  He argues that the lack of staff harms the inmates because those inmates placed in restrictive housing are completely dependent upon prison staff. The earliest date plaintiff provides is July 12, 2021; plaintiff filed his complaint on August 3, 2021.

As the magistrate judge explained, an inmate must properly exhaust required administrative remedies before filing a § 1983 lawsuit in federal court. The purpose of this requirement includes providing prison officials "time and opportunity to address complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004). A grievance is considered sufficient to the extent it "gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id.* at 517.

In his objections, plaintiff asserts that he fully exhausted his claims through ongoing violations of his rights by his placement in restrictive housing. Plaintiff attached several of his submitted grievances. The court will address them in chronological order. Plaintiff submitted the first grievance to prison officials on July 21, 2017, grievance number 2017178275. However, this grievance shows that plaintiff did not complain about restrictive housing. Such grievance does not place prison officials on notice of his assertions regarding restrictive housing. Similarly, on August 3, 2017, plaintiff submitted the next grievance, number 2017183263, concerning medical care—which again has nothing to do with restrictive housing. Doc. 18.

Plaintiff then submitted another grievance on June 12, 2019, number 2019139423, concerning his placement in restrictive housing, but makes no mention of understaffing. The court finds that this particular grievance did not place prison officials on notice of a potential problem concerning restrictive housing due to understaffing. In other words, this grievance does not show that plaintiff exhausted his required remedies. Likewise, plaintiff's September 25, 2019 grievance, number 2020013331, concerns his restrictive housing based on his designation as a sexual predator—

and, therefore, cannot be characterized as providing prison officials with notice concerning restrictive housing and understaffing in August 2021. *Id*.

Finally, the remainder of plaintiff's grievances submitted to the court were submitted to prison officials in 2020. A review of these 2020 grievances show that plaintiff complained about chest pains/heart rate, the flu vaccine, his request for a colonoscopy, and medications. As with plaintiff's 2017 and 2019 grievances, these 2020 grievances do not place prison officials on notice of a problem concerning restrictive housing and understaffing—especially because these grievances solely concern medical care.

Circumstances have substantially changed as a result of the COVID-19 pandemic such that a 2019 grievance would not place a prison official on notice of a problem in 2021 related to understaffing. In other words, given that plaintiff is complaining that the Coffield Unit is currently understaffed, resulting in hardships for those placed in restrictive housing, it stands to reason that his grievances from 2019 do not give prison officials a fair opportunity to address the complaints forming the basis of these 2021 claims regarding understaffing. *See Johnson*, 385 F.3d at 522 n.13 (explaining that a grievance filed in response to a particular incident does not apply to claims to future incidents whether they are similar or discrete).

Having reviewed the magistrate judge's reports de novo, the court accepts the findings and recommendations. Plaintiff's objections are overruled. Plaintiff's civil-rights lawsuit is dismissed, without prejudice, for failure to exhaust administrative remedies.  All pending motions are denied as moot.

*So ordered by the court on October 6, 2021.*

J. CAMPBELL BARKER
United States District Judge

- 3 -